UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Jiangxi Brother Pharmaceutical Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> United States. | Court No. 25-00187 |

# COMPLAINT

Plaintiff Jiangxi Brother Pharmaceutical Co., Ltd. by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the U.S. Department of Commerce's (Commerce) Order in Vanillin from the People's Republic of China, *Vanillin From the People's Republic of China: Antidumping and Countervailing Duty Orders,* 90 Fed. Reg. 35,504 (July 28, 2025) ("Final Determination") and the underlying final administrative determination and the accompanying Issues and Decision Memorandum. *Vanillin From the People's Republic of China: Final Affirmative Determination of Sales at*

*Less Than Fair Value*, 90 Fed. Reg. 24093 (June 6, 2025)

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff Jiangxi Brother Pharmaceutical Co., Ltd is a Corporation organized under the laws of the People's Republic of China. Plaintiffs produced and/or exported certain Vanillin in the People's Republic of China and exported the same to the United States. Plaintiff was an active participant in the Department of Commerce antidumping investigation and plaintiff Jiangxi Brother Pharmaceutical Co., Ltd was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), plaintiff is an interested party as defined in 19 U.S.C. §1677(9)(A) as it was a party to the proceeding in connection with which this matter arises.

5. Plaintiff has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on August 19, 2025, which was within thirty days after the date of the publication of the order in the *Federal Register* on July 28, 2025 at 90 Fed. Reg. 35,504. Plaintiffs

are filing this complaint on September 12, 2025, which is within thirty days from the date of the filing of the Summons. In accordance with Rule 6(a) this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On July 1, 2024 the Department initiated this investigation in response to a petitioner filed by Solvay USA, LLC on behalf of the U.S. domestic industry. See *Vanillin from the People's Republic of China: Initiation of Less-Than-Fair Value Investigation,* 89 FR 54424 (July 1, 2024) (Initiation Notice).

8. Between August 7, 2024 and December 16, 2024, plaintiff submitted responses to the Department's questionnaires.

9. On January 8, 2025 the Department published the preliminary results as *Vanillin from the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination and Extension of Provisional Measures,* 90 Fed. Reg. 4720 (January 16, 2025). Plaintiffs were assigned a rate of 186.20%.

10. On March 24, 2025 through March 28, 2025 the Department fully verified the responses of Brother at its facility in Jiujiang, China.

11. On April 24, 2025, plaintiff filed administrative case briefs with the Department of Commerce challenging the preliminary results. On April 24, 2025, the petitioner submitted its case brief. The petitioner's case brief was rejected and

3

refiled on April 29, 2025.

12.     On May 1, 2025 plaintiff filed an administrative rebuttal brief with the Department of Commerce and on May 2, 2025 petitioner filed its administrative rebuttal brief with the Department of Commerce. Plaintiff's rebuttal brief was rejected and refiled on May 1, 2025.

13.     On May 16, 2025 the Department held a public hearing.

14.     On June 3, 2025 the Department issued the final results. On June 6, 2025 these results were published in the Federal Register as *Vanillin from the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value*, 90 Fed. Reg. 24093 (June 6, 2025). In the final results the Department assigned a rate of 190.20% to plaintiff.

15.     On July 28, 2025 the Department published the Antidumping Duty Order as *Vanillin from the People's Republic of China: Antidumping and Countervailing Duty Orders*, 90 Fed. Reg. 35504 (July 28, 2025).

## STANDARD OF REVIEW

16.     The standard of review of a final determination made by the Department of Commerce in an antidumping duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand

any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

17.  Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S. Ct. 2244 (2024), which struck down a portion of the concept of *Chevron* deference doctrine, the ultimate deference owed to an agency interpretation is not clear.

18.  This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

19.    The allegations of paragraphs 1 through 18 are incorporated by reference and restated as if fully set forth herein

20.    The Department's calculation of the surrogate value for the by-product Hydroquinone is not accurate.

21.    The Department erred when it used an aberrant value and ignored multiple data points which were all in agreement for a non-aberrant value.

22.    The Department ignored other facts in setting the value for the by-product.

### COUNT TWO

23.    The allegations of paragraphs 1 through 18 are incorporated by reference and restated as if fully set forth herein

24.    The Department erred when it selected the financial statements used as the basis for the financial ratios used in the surrogate value calculation.

25.   The Department should not use financial statements for industries which are not related to the industry of the company for which surrogate values are being calculated.

26.    The production of fine chemicals is dissimilar to participation in the mining industry including the extraction of minerals from the ground.

27. A company which states that "**Our business is substantially dependent on the exploitation rights**" is a member of the mining industry, not the fine chemical industry.

28. A company in the Dairy Industry is not in the fine chemical industry.

29. The Department had of record multiple financial statements of record for members of the fine chemical industry.

30. The Department's selection of the financial statements for purposes of surrogate financial ratios was an abuse of discretion and otherwise unlawful.

## COUNT THREE

31. The allegations of paragraphs 1 through 18 are incorporated by reference and restated as if fully set forth herein

32. The Department erred when it stated that it was applying Cohen's D to conduct a differential pricing analysis.

33. The Court of Appeals for the Federal Circuit in *Marmen, Inc. v. United States*, 134 F.4th 1334 (Fed. Cir. 2025) expressly rejected the use of Cohen's D as part of the differential pricing analysis.

34. The Department should not use a methodology in calculating the final results which has been expressly rejected by the United States Court of Appeals for the Federal Circuit.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to three of plaintiff's complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Counsel to Jiangxi Brother
Pharmaceutical Co., Ltd

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 245-4010
dcraven@craventrade.com

Date September 12, 2025